Rose Gallo, Petitioner *v.* Commonwealth of Pennsylvania Workmen's Compensation Appeal Board, Grove Textiles, Inc. and Commonwealth of Pennsylvania, Respondents.

Argued June 10, 1977, before Judges CRUMLISH, JR., KRAMER and BLATT, sitting as a panel of three. Judge KRAMER did not participate in the decision.

*Paul A. Barrett,* for petitioner.

*Joseph A. Murphy,* with him *John R. Lenahan, Sr.,* and *Lenahan, Dempsey & Murphy,* and *James N. Diefenderfer,* for respondents.

OPINION BY JUDGE BLATT, September 14, 1977:

Rose Gallo (claimant) has appealed from an order of the Workmen's Compensation Appeal Board (Board) which reversed the decision of a referee and denied her benefits for continuing total disability from dermatitis.

The claimant had worked as a coner and machine operator for Grove Textiles, Inc. (employer) for approximately eighteen years when she developed an allergic reaction to the oils through which the yarn was processed prior to her handling of it. It is undisputed that exposure to these oils while at work caused the claimant to suffer from active dermatitis which was totally disabling at the time of the skin eruptions, but it is also agreed that the condition has gradually cleared each time that she has been separated from contact with the oil-saturated yarn.

Following a hearing on the petition for benefits under The Pennsylvania Workmen's Compensation Act,[1] (Act), a referee awarded benefits for two periods during which the claimant's doctor testified that she was totally disabled from the active symptoms of dermatitis but refused to award benefits for a continuing disability. She appealed this decision to the Board which reversed and remanded the case to the referee for the taking of additional evidence on the issue of the availability of other work which would not expose her to the cause of her dermatitis. At the rehearing before the referee, the employer's representative testified that he had no jobs presently available which would not require contact with the oils to which the claimant was allergic, but a vocational evaluator employed by the Commonwealth testified that in his opinion there were several jobs in the garment industry available near the claimant's present place of employment for which she could qualify or for which she could be trained. The referee issued a new decision awarding benefits for continuing total disability in addition to benefits for the previously determined periods of temporary total disability. He specifically found the claimant to be unable to return to her present employ-

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §1 et seq.

ment because of her skin condition and concluded that she was totally disabled because of the employer's failure to prove that other work was available to her. The employer subsequently appealed this decision to the Board, which affirmed the award for the periods of temporary disability but reversed the award of continuing total disability for the reason that "the compensable occupational disease condition has cleared and disappeared." The claimant has now appealed to this Court alleging that the Board committed an error of law in reversing the referee's finding of a continuing total disability. In a workmen's compensation case such as this one where the Board takes no additional evidence, the referee's findings of fact which are supported by substantial evidence are binding upon the Board, but the application of the law to the facts is within the Board's scope of review. *Workmen's Compensation Appeal Board v. Rochester & Pittsburgh Coal Co.*, 23 Pa. Commonwealth Ct. 441, 353 A.2d 82 (1976). Here we believe that the Board properly concluded that the claimant is no longer suffering from a compensable occupational disease. In order to qualify for compensation, Section 301(c) of the Act, 77 P.S. §411(2), provides that "whenever occupational disease is the basis for compensation, for disability or death under this act, it shall apply only to *disability* or death *resulting from such disease* . . . ." (Emphasis added). Included among the compensable diseases listed in Section 108 of the Act, 77 P.S. §27.1, is "(i) *Infection or inflammation* of the skin due to oils . . . in any occupation involving direct contact with, handling thereof, or exposure thereto" (emphasis added). The claimant here has been compensated for the periods of disability which resulted from the inflammation of her skin, but Section 108(i) of the Act does not provide for compensation to an individual who no longer suffers from an infection or inflammation of the skin.

The claimant argues that she has sustained a loss of earning power because she cannot return to her previous employment and that, therefore, she has a disability. And it is true that the term "disability" has been held to be synonymous with a "loss of earning power" for purposes of the Act. *Borough of Catawissa v. Shultz,* 9 Pa. Commonwealth Ct. 546, 308 A.2d 633 (1973). This Court has also held, however, that the loss of income suffered by a claimant is only one factor in determining the existence of a compensable disability, *See Lash v. Workmen's Compensation Appeal Board,* 30 Pa. Commonwealth Ct. 124, 372 A.2d 1265 (1977), where compensation for partial disability was denied to workers found to have elevated lead levels in their blood and who took less remunerative positions which involved no contact with lead. Not all diseases are "occupational diseases" for purpose of the Act,[2] and only those persons establishing proof of disability or death *resulting from an "occupational disease"* are entitled to workmen's compensation. The claimant's own physician has testified that she no longer has the skin inflammation symptomatic of dermatitis, and by the express language of the Act, therefore, she can no longer qualify for compensation for an "occupational disease."

Alternatively, the claimant argues that her condition is an occupational disease within the provisions of the omnibus clause of Section 108(n) of the Act.[3] At no

[2] Section 108 of the Act, 77 P.S. §27.1, contains the complete list of those diseases recognized as "occupational diseases".

[3] Section 108(n) of the Act, 77 P.S. §27.1(n), provides that the term "occupational disease" includes:

(n) All other diseases (1) to which the claimant is exposed by reason of his employment, and (2) which are causally related to the industry or occupation, and (3) the incidence of which is substantially greater in that industry or occupation than in the general population.

time during the proceedings, however, did the claimant indicate that she sought to prove that she suffered from a disease under the omnibus clause nor does she now specify the disease for which she seeks compensation under this provision. If the disease is, in fact, "dermatitis," there is no substantial evidence in the record to satisfy the statutory requirement that the incidence of dermatitis is substantially greater among those engaged in the kind of work she did than it is among the general public.[4] *See Imperial Food Products v. Tomarelli*, 28 Pa. Commonwealth Ct. 150, 367 A.2d 732 (1977).

We must conclude that the Board did not commit an error of law in refusing to award disability benefits to this claimant after she had fully recovered from the symptoms of her occupational disease. The order of the Board is, therefore, affirmed.

Judge KRAMER did not participate in the decision in this case. *See* Pa. R.A.P. 3102(d).

ORDER

AND Now, this 14th day of September, 1977, the order of the Workmen's Compensation Appeal Board is hereby affirmed.

---

[4] The Board, in its opinion, made reference to the referee's finding that "the disease to which the claimant was exposed by reason of her employment was causally related to her occupation and the incidence of which is substantially greater in that occupation than in the general population." Although the finding was not actually deleted, the Board stated: "that finding is only required in diseases under Section 108(n) of the act." Apparently the Board did not consider the claimant's petition as one for compensation under Section 108(n), and it had no reason to do so in the absence of any such claim. The *only* evidence of record relating to this finding was the statement by the employer's representative that "[w]e have other people who have dermatitis."