George W. Roofner, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Schenley Distilleries, Inc., Respondents.

Argued September 15, 1978, before Judges CRUMLISH, JR., WILKINSON, JR. and CRAIG, sitting as a panel of three.

*Joseph A. Nickleach,* with him *Nickleach & Owen,* for petitioner.

*James R. Miller,* with him *Dickie, McCamey & Chilcote,* and *James N. Diefenderfer,* for respondents.

OPINION BY JUDGE WILKINSON, JR., October 20, 1978:

Petitioner (claimant) appeals the order of respondent Workmen's Compensation Appeal Board (Board) which vacated a referee's award of benefits to him under Section 108(n) of The Pennsylvania Workmen's Compensation Act (Compensation Act), Act of June 2, 1915, P.L. 736, *as amended,* added by Section 1 of the Act of October 17, 1972, P.L. 930, *as amended,* 77 P.S. §27.1(n). We affirm the Board.

Claimant had been employed by respondent-employer (employer) as a laborer for several years. Among his duties was the handling of wooden barrels which had accumulated dust and rust from as long as eight years' storage in a warehouse. Claimant hammered "bungs" out of the barrels, stacked, hauled, and loaded the barrels onto trucks, and maintained records concerning the transfer of the barrels. These tasks required him to work much of the time in the warehouse and an enclosed building called the "regage

room,'' although he also worked outside when loading the trucks. According to the uncontradicted testimony of claimant and a fellow worker, both the warehouse and the "regage room'' were very dusty; the latter more so because the actual hammering of the barrels was done there.

During the afternoon of March 6, 1974, claimant was allowed to go home after reporting to his foreman that he felt sick. The following day he called in and reported that he was "home sick.'' Apparently he made no further explanation as to the nature of his illness during those conversations. On March 8, 1974, he visited his family physician who diagnosed his condition as emphysema. Claimant made application for (and subsequently received) benefits under the employer's group insurance policy. The family physician completed an "attending physician's supplementary statement'' for the insurer, dated August 22, 1974, on which he indicated that the condition was not due to injury or sickness arising out of claimant's employment. Claimant has not worked since March 6, 1974.

On April 18, 1975, the Board received a claim petition from claimant, dated March 12, 1975, which alleged that he had been totally disabled since March 6, 1974, due to emphysema contracted in the course of his employment. The petition sought benefits under Section 108(n) of The Pennsylvania Occupational Disease Act (Occupational Disease Act), Act of June 21, 1939, P.L. 566, *as amended,* added by Section 1 of the Act of February 28, 1956, P.L. (1955) 1095, *as amended,* 77 P.S. §1208(n). Claimant was examined on April 5, 1975, by a physician specializing in internal medicine. The physician's report, dated April 25, 1975, stated that claimant was suffering from "chronic obstructive lung disease with chronic bronchitis'' and "torticollis, probably congenital.'' The report concluded that "it

is likely that his lung disorder was induced or aggravated by the dust exposure in his employment.''

Hearings were conducted on June 17, 1975, August 6, 1975, and May 25, 1976. Claimant and a fellow worker testified as to the dusty conditions of claimant's work area. A deposition of the physician who examined claimant on April 5, 1975, was introduced into evidence. The physician explained his diagnosis based on the results of tests he conducted on claimant. When asked his opinion as to the cause of claimant's condition, the physician said that, based on claimant's occupational history, he would assume that it was due to dust exposure at work. He stated on cross-examination that there are an "almost endless" number of causes of bronchitis and that it is not rare in the general population. However, in reply to a question whether one could associate bronchitis with any one occupation or industry, the physician said that he would conclude that an individual who was exposed to a dusty environment and who related a history of aggravation upon exposure to that particular dust would have contracted bronchitis due to the dust inhalation.

During the hearing the petition was amended to allege a claim under Section 108(n) of the Compensation Act rather than Section 108(n) of the Occupational Disease Act, and apparently the illness on which the claim was decided was bronchitis rather than emphysema. The referee found that claimant became totally disabled on April 5, 1975, due to chronic obstructive lung disease with chronic bronchitis, caused by his exposure to dust in the course of his employment, and that the employer had proper notice. The referee therefore awarded benefits. The Board reversed the referee's conclusions and vacated the award, ruling that claimant had not proved that his bronchitis was an "occupational disease" within the

meaning of Section 108(n) of the Compensation Act. In addition, the Board found that there was no evidence to support the referee's finding that claimant had given his employer proper notice of a claim involving an occupational disease.

We need not address the question of notice, because even assuming that sufficient notice was given to the employer, claimant cannot prevail. To come within the "catchall" definition of "occupational diseases" set forth in Section 108(n) of the Compensation Act, a claimant must prove that his condition is one "(1) to which the claimant is exposed by reason of his employment, and (2) which [is] causally related to the industry or occupation, and (3) the incidence of which is substantially greater in that industry or occupation than in the general population." *See Fruehauf Corp. v. Workmen's Compensation Appeal Board,* 31 Pa. Commonwealth Ct. 341, 376 A.2d 277 (1977). The Board concluded that the record here totally lacked evidence showing that claimant's condition met the third test of Section 108(n). We agree. While the physician's testimony may support the conclusion that the individual claimant here contracted bronchitis through exposure to dust in the course of his employment, that does not satisfy the statutory requirement of proof that the incidence of chronic bronchitis is substantially greater in claimant's industry or occupation than in the general population.

Accordingly, we will enter the following

ORDER

Now, October 20, 1978, the order of the Workmen's Compensation Appeal Board, at No. A-71883, dated June 9, 1977, is hereby affirmed and judgment is entered in favor of respondent Schenley Distilleries, Inc. and against the petitioner, George W. Roofner.