Polansky Bakery, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Joseph Wisniewski, Respondents.

Argued September 11, 1978, before Judges Blatt, DiSalle and MacPhail, sitting as a panel of three.

*John R. Lenahan, Jr.,* with him *Lenahan, Dempsey & Murphy,* for petitioner.

*Charles P. Dattola,* with him *Laster, Strohl, Kane & Mattes,* and *James N. Diefenderfer,* for respondents.

Opinion by Judge MacPhail, December 12, 1978

Polansky Bakery (Employer) appeals from an order of the Workmen's Compensation Appeal Board (Board) affirming a referee's award to Joseph Wisniewski (Claimant) under the provisions of Section 108(n) of the Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* added by Section 1, Act of October 17, 1972, P.L. 930, *as amended,* 77 P.S. §27.1. We affirm.

Claimant had worked in the baking industry for approximately fifty (50) years and for most of that period was exposed to flour dust. His last day of employment was March 8, 1974. Claimant was awarded compensation by the referee for total disability caused by chronic bronchitis with severe emphysema. Both the Claimant and the Employer presented medical testimony before the referee. When the Employer appealed the referee's decision to the Board, the referee's order was vacated and the claim was remanded to the referee for the appointment of an impartial physician "with sufficient expertise to determine whether claimant's chronic bronchitis with emphysema was peculiar to claimant's occupation as a baker."[1] Upon the appointment of such a physician, and after hearing his testimony, the referee reinstated his previous order. That order was affirmed by the Board. This appeal followed.

The Employer contends that the Board erred when it remanded the case to the referee for impartial medical testimony rather than reversing the referee and dismissing the claim because there was insufficient evidence to sustain the referee's findings. This Court has held that the authority of the Board to order impartial testimony is discretionary. *Workmen's Compensation Appeal Board v. Delgado*, 22 Pa. Commonwealth Ct. 138, 348 A.2d 447 (1975). In the absence of a manifest abuse of discretion, the exercise thereof should not be disturbed. In the case now before us the Board reviewed the conflicting medical testimony presented before the referee. It did not confine its remand order to a "third opinion," but directed that the impartial physician should be someone of "sufficient expertise" to present testimony which

---

[1] The authority for the appointment of an impartial physician is found in Section 420 of the Act, 77 P.S. §831.

would satisfy the Board with respect to the specific question which was troubling it. We have no doubt that the Board's remand order was a proper exercise of the discretion vested in it by the Legislature.

The Employer's second argument is that neither the testimony of the Claimant's physician, nor of the physician appointed by the referee, established that the Claimant suffered a compensable occupational disease under Section 108(n) of the Act. All three physicians agreed that the Claimant was totally disabled by pulmonary insufficiency. The Claimant's physician and the impartial expert diagnosed the Claimant's disease as chronic bronchitis with emphysema. The Employer's diagnosis was allergic bronchial asthma with secondary emphysema. The issue to be resolved is whether the Claimant's disability resulted from an occupational disease.

In order to receive benefits under Section 108(n), the Claimant must establish by competent evidence that the disease from which he suffers is an occupational disease and that he was exposed to the disease during the course of his employment. *Fruehauf Corp. v. Workmen's Compensation Appeal Board*, 31 Pa. Commonwealth Ct. 341, 376 A.2d 277 (1977). Under the statutory language of Section 108(n), a disease qualifies as an occupational disease only when it is causally related to the industry or occupation in which the Claimant is engaged and when the incidents of that disease in that occupation or industry is substantially greater than in the general population. The Employer argues that there must be strict compliance with the statutory language. However, this Court held in another case construing the provisions of Section 108(n) that the Act is a remedial statute and is due liberal construction. *Millcraft Corp. v. Workmen's Compensation Appeal Board,* 31 Pa. Commonwealth Ct. 322, 376 A.2d 283 (1977). In any event, we

do believe that the medical evidence here is sufficient. The Claimant's medical witness testified that the Claimant was suffering from his disease because of "his exposure of 50 years to one particulate, in this case, it's flour." The impartial medical witness testified that the Claimant's disability was "certainly made worse, if not totally caused by his exposure while on the job to the obvious inhalants." At another point, that same witness testified:

> I think we are learning, especially of recent times, that the number of noxious agents which can cause pulmonary insufficiency are increasing at an alarming rate. That is to say our knowledge of them causing pulmonary insufficiency are increasing at an alarming rate and that certainly one of the inhalants which has come under considerable discussion in medical literature is exposure of the type of which Mr. Wisniewski has had ... flour dust and inhalants in a bakery.

Our Supreme Court has held that when a disease exists in the general public, it may also be an occupational disease if it is shown by competent evidence that the disease is peculiar to the claimant's occupation, by its causes and the characteristics of its manifestation. *Utter v. Asten-Hill Manufacturing Co.,* 453 Pa. 401, 309 A.2d 583 (1973) and *Dunn v. Merck & Co., Inc.,* 463 Pa. 441, 345 A.2d 601 (1975). In the *Dunn* case and in *Williams v. Spaulding Bakeries, Inc.,* 464 Pa. 29, 346 A.2d 3 (1975),[2] the Supreme Court emphasized that the findings of the Workmen's Compensation Appeal Board are binding upon this Court on the very issues raised by the Employer here. We are satisfied that the Board's findings are based upon substantial evidence and therefore they may not be disturbed.

---

[2] A case involving "baker's asthma."

Accordingly, the order of the Workmen's Compensation Appeal Board, dated July 21, 1977, must be affirmed.

ORDER

AND Now, this 12th day of December, 1978, the order of the Workmen's Compensation Appeal Board, dated July 21, 1977, is affirmed. It is ordered that judgment be entered in favor of Joseph Wisniewski and against Polansky Bakery or its insurance carrier at the rate of $70.00 per week from May 31, 1974, and indefinitely thereafter, subject to the provisions and limitations of the Pennsylvania Workmen's Compensation Act.

Deferred payments of compensation shall bear interest at the rate of 10 per centum per annum from the due date hereof.