Mary E. Reed, Widow of James T. Reed, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Stork Diaper Service, Inc., Respondent.

Argued April 7, 1980, before Judges Wilkinson, Jr., Mencer and Rogers, sitting as a panel of three.

*David F. Kaliner,* for petitioner.

*Lowell A. Reed, Jr.,* with him *Patricia A. Mattern, Rawle & Henderson,* for respondent, Stork Diaper Service, Inc.

Opinion by Judge Mencer, June 24, 1980:

On July 3, 1974, James T. Reed, now the deceased husband of Mary E. Reed (claimant), sustained a work-related and compensable injury which resulted

in the amputation of his right leg above the knee. In this workmen's compensation case, the decedent was awarded a specific loss benefit to cover a period of time of 410 weeks plus a 25-week healing period.

On June 12, 1975, the decedent suffered an amputation of his lower left leg, as a result of his first injury. A supplemental agreement for compensation under date of March 26, 1976 was entered into by decedent and his employer, Stork Diaper Service, Inc. One of the provisions of that supplemental agreement was that the loss of both of decedent's legs "shall constitute total disability, unless the [Workmen's Compensation] Appeal Board otherwise determines." The Workmen's Compensation Appeal Board (Board) did not "otherwise determine" and the decedent was paid total disability benefits until his death of an unrelated cause on July 15, 1976.

Thereafter, the claimant, widow of James T. Reed, filed a petition to review existing compensation agreement, seeking to obtain further compensation benefits for the specific losses suffered by her husband. The referee awarded the claimant the balance of the specific loss payments but, on appeal, this award was reversed by the Board. This appeal followed[1] and we affirm.

The Pennsylvania Workmen's Compensation Act (Act)[2] provides for three classifications for compen-

---

[1] Following the claimant's appeal to this court, our Supreme Court rendered its decision in *Turner v. Jones & Laughlin Steel Corp.*, 479 Pa. 618, 389 A.2d 42 (1978). The claimant then petitioned the Board for a rehearing to consider the impact of *Turner*. When the Board granted claimant's petition for a rehearing, we remanded the case to the Board. After the rehearing, the Board entered an order, dated June 21, 1979, reversing the order of the referee and dismissing claimant's petition. The claimant filed an appeal from this June 21, 1979 order of the Board.

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §1 et seq.

sation, *i.e.*, "total disability," Section 306(a), 77 P.S. §511; "partial disability," Section 306(b), 77 P.S. §512; and "all disability resulting from permanent injuries," Section 306(c), 77 P.S. §513. Under Section 306(a) and (b), the legislature has provided for compensation during the periods of disability following an injury. The schedule of payment is dependent upon the extent of the disability, total or partial, and reflects an incapacity to perform one's duties and the loss of earning power resulting from that injury. *Killian v. Heintz Div. Kelsey Hayes,* 468 Pa. 200, 360 A.2d 620 (1976). Under Section 306(c), the legislature has set forth a schedule of payment of compensation for a permanent injury or a loss of a member of the body. This sum is a statutorily prescribed amount and is intended to include all disability emanating from or connected with the loss of a member or a permanent injury to that member.

Total disability payments are, we repeat, intended as compensation for loss of earning power, based not upon specific injuries but on the totality of the claimant's condition. Absent an improvement in claimant's condition terminating his total disability, these payments are available for his lifetime. Under a 1972 amendment to Section 306(g) of the Act, 77 P.S. §541, upon the death of the injured employee, specific loss benefits awarded under Section 306(c) continue to be payable to designated dependents for the full statutory term of the award, whether or not the death is caused by the compensable injury. Benefits paid pursuant to Section 306(a) for total disability, however, cease at the claimant's death unless the death was caused by the injury and occurred within 300 weeks after the work-related injury. *Turner v. Jones & Laughlin Steel Corp., supra,* note 1. In the usual case, total disability payment would be the most bene-

ficial to a claimant, since its payment is not limited to a term of weeks as is specific loss payment.

Thus, it is understandable that James T. Reed, on March 26, 1976, elected,[3] when he signed the supplemental agreement, to receive total disability payments in accord with Section 306(c)(23),[4] in lieu of specific loss payments. There is nothing in the Act which required that James T. Reed be compensated under the schedule for specific loss compensation when he also was eligible to be compensated under the schedule for total disability. *Turner v. Jones & Laughlin Steel Corp., supra,* note 1.

---

[3] Claimant asserts here that no election is permissible under Section 306(c)(23), 77 P.S. §513(23). The same argument was advanced by the appellee in *Turner v. Jones & Laughlin Steel Corp., supra,* note 1, and our Supreme Court responded as follows:

We disagree. On the contrary, this section explicitly gives to the Board the discretion to determine the optimum benefit available to a claimant within the statutory scheme. Section 306(a)'s total disability compensation is generally the most beneficial of the benefit schedules, providing, as it does, both the highest allowable compensation and the only compensation not limited to a maximum term of weeks. The only reasonable interpretation of Section 306(c)(23), especially in light of our duty to resolve borderline interpretations in favor of the injured employee (*See, e.g.* Hinkle v. H. J. Heinz, 462 Pa. 111, 116, 337 A.2d 907, 909 (1975) and the cases cited therein), is that the legislature intended by this section to provide for the highest possible compensation for a claimant who has lost both legs. In most cases this is compensation based on total disability. The legislature nevertheless empowered the Board to determine otherwise should another provision prove more advantageous to the claimant. We can conceive of no other purpose for the exception contained in Section 306(c)(23).

479 Pa. at 626-27, 389 A.2d at 46.

[4] Section 306(c)(23) reads: "Unless the board shall otherwise determine, the loss of both hands or both arms or both feet or both legs or both eyes shall constitute total disability, to be compensated according to the provisions of clause (a) [77 P.S. §511]."

Therefore, having elected to receive total disability benefits paid pursuant to Section 306(a), the benefits paid to James T. Reed for total disability ceased at the date of his death which was unrelated to the injuries suffered by him within the course of his employment.

We must conclude, as did the Board, that it was within the discretion of James T. Reed to determine whether he wished to be compensated for total disability according to the provisions of Section 306(a) or to be compensated for specific loss of his legs according to the provisions of Section 306(c). Once having made the choice to be compensated for total disability, neither he nor the Board having made any determination to the contrary, the right to choose did not survive his death and his widow, claimant here, could not, after his death, initiate a petition to modify such compensation. The right of a widow to compensation is a separate cause of action, independent of and not derivative from the right of the deceased husband. *Kujawa v. Latrobe Brewing Co.,* 454 Pa. 165, 312 A.2d 411 (1973).[5]

Accordingly, we enter the following

## ORDER

AND Now, this 24th day of June, 1980, the order or the Workmen's Compensation Appeal Board, dated

---

[5] Here, the decedent was not entitled to benefits for which he had not made claim in his lifetime. Hence, the instant case is unlike *Frederico Granero Co. v. Workmen's Compensation Appeal Board*, 48 Pa. Commonwealth Ct. 252, 409 A.2d 1187 (1980), where a widow was permitted to file a claim for benefits to which a deceased employee may have been entitled when no claim was filed during the employee's lifetime due to his being hospitalized in a critical condition from the time of receiving his work-related injuries to the time of his death. *Compare DeMontis v. Workmen's Compensation Appeal Board*, 34 Pa. Commonwealth Ct. 225, 372 A.2d 950 (1977).

June 21, 1979, reversing the order of the referee and dismissing the claim petition of Mary E. Reed, widow of James T. Reed, is hereby affirmed.