Ruth Dumas, Widow of Louis Dumas, deceased, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Latrobe Forge and Spring, Respondents.

Argued November 17, 1980, before Judges WILKINSON, JR., CRAIG and PALLADINO, sitting as a panel of three.

*Edwin H. Beachler, McArdle, Caroselli, Spagnolli & Beachler,* for petitioner.

*Mary J. McCrory, Kyle and Ehrman,* for appellee.

OPINION BY JUDGE PALLADINO, December 18, 1980:

Appellant appeals the order of the Workmen's Compensation Appeal Board (Board) which denied her petition for review and reversed the Referee's decision to permit her to recover for the loss of use of both her deceased husband's eyes as a compensable permanent injury. Appellee and the Board contend that the right to petition for a review of a compensation award made pursuant to The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1 et seq., belongs solely to the injured worker unless the Act expressly re-

serves rights in the worker's survivors. We affirm the Board's order.

Following a work-connected injury, appellant's husband lost the use of both eyes and received disability payments until his death which resulted from causes unrelated to his work. During his lifetime claimant never disputed the terms of the compensation agreement which defined his disability benefits. As claimant's surviving dependent, appellant filed a petition for review of the compensation agreement and alleged that the agreement should be modified to (1) retroactively award specific loss benefits to claimant under Section 306(c) of the Act, 77 P.S. §513, and (2) as a corollary, pay such benefits to claimant's widow under Section 306(g) of the Act, 77 P.S. §541.

It is a well established principle that "[t]he provisions of the Workmen's Compensation Act are remedial in nature and are to be liberally construed, with borderline interpretations resolved in favor of the injured employee." *Turner v. Jones & Laughlin Steel Corp.*, 479 Pa. 618, 629, 389 A.2d 42, 47 (1978). But "[w]hile the Act is to be liberally construed, the meaning of clear and unambiguous words used by the legislature cannot be distorted." (Citation omitted.) *Ciabattoni v. Birdsboro Steel Foundry & Machine Co.*, 179 Pa. Superior Ct. 538, 542, 118 A.2d 229, 231 (1955), *rev'd on other grounds,* 386 Pa. 179, 125 A.2d 365 (1956).

In *Frederico Granero Co. v. Workmen's Compensation Appeal Board,* 48 Pa. Commonwealth Ct. 252, 409 A.2d 1187 (1980), this Court held that an employee's widow could receive benefits to which the employee would have been entitled if he had actually filed a claim during his lifetime. *Frederico Granero Co.* concerned the initial presentation of a request for compensation and was governed by Section 410, 77 P.S. §751, which states in pertinent part: "If, after

any injury, the employer . . . and the employe *or his dependent,* concerned in any injury, shall fail to agree upon the facts thereof or the compensation due under this act, the employee *or his dependents* may present a claim petition for compensation to the department.'' (Emphasis added.) Section 410 specifically allows the filing of an original claim by a dependant.

The *Frederico Granero Co.* opinion distinguishes *Flynn v. Asten Hill Mfg. Co.,* 34 Pa. Commonwealth Ct. 218, 383 A.2d 255 (1978) wherein the statutory time limit for filing an asbestosis claim was violated, and claimant's widow was therefore denied compensation.

*DeMontis v. Workmen's Compensation Appeal Board,* 34 Pa. Commonwealth Ct. 225, 383 A.2d 259 (1978), *confirming after reargument,* 372 A.2d 950 (1977), also differentiated in *Frederico Granero Co.,* controls the instant case. In *DeMontis* a widow filed a petition for review and modification, under Section 413, 77 P.S. §771, of her husband's partial disability award, alleging that her husband should have received total disability payments and requesting that she receive the additional sum owed to her husband. Section 413 provides that "[a] referee . . . may . . . review and modify . . . a notice of compensation payable . . . or upon petition filed by either *party* . . . if it be proved that such notice of compensation . . . was in any material respect incorrect.'' (Emphasis added.) Since only the employer and employee were parties to the agreement, the widow lacked standing to affect a modification of the agreement.

The fact pattern before this Court is very similar to *DeMontis.* Appellant seeks a review of the compensation agreement to posthumously alter the nature of the disability payments to which her husband, a party to the agreement, was entitled. Since Section 413 does not reserve any rights in parties' dependents, appel-

lant's petition to review the compensation agreement by which her husband received disability payments during his lifetime, is denied.

Assuming *arguendo,* that appellant had standing to petition for a review of the agreement, appellant's claim would still fail.

To ascertain whether a worker's surviving dependent is eligible for benefits, it is necessary to determine which section or sections of the Act pertain. Appellant argues that claimant was receiving compensation for a temporary total disability and was entitled to specific loss benefits (Section 306(c)) as the Referee found. Appellee and the Board contend that claimant was receiving total disability payments (Section 306(a), 77 P.S. §511).

Section 306(c)(23), 77 P.S. §513(23), states that the loss of both eyes (equivalent to the permanent loss of use of both eyes for all practical intents and purposes, *Stachowski v. Incorporated Real Estate Investors,* 174 Pa. Superior Ct. 152, 100 A.2d 140 (1953)) constitutes a total disability compensable under Section 306(a) *unless the Board determines otherwise.*

In *Turner* the Supreme Court of Pennsylvania construed Section 306(c)(23) to afford a claimant the opportunity to make an election during his lifetime between the advantages of Section 306(c) [sum certain for a scheduled time period with rights passing to survivors] and Section 306(a) [unrestricted payment period as long as disability continues but death of claimant extinguishes right to payment]. Section 306(c)(23)

> explicitly gives to the Board the discretion to determine the optimum benefit available to a claimant within the statutory scheme. . . . In most cases this is compensation based on total disability. The legislature nevertheless empowered the Board to determine otherwise

should another provision prove more advantageous to the claimant. We [the Supreme Court of Pennsylvania] can conceive of no other purpose for the exception contained in Section 306 (c)(23).

*Id.* at 626-27, 389 A.2d at 46.

*Turner* permits a claimant to make a favorable election during his lifetime between payments for specific loss permanent injuries (Section 306(c)) and payments for total disability (Section 306(a)). But *Turner* does not authorize a dependent to choose a form of recovery different from that selected by the claimant during his life, thereby disfranchising claimant and effectively thwarting his selection. Since appellant's husband selected and received total disability payments during his lifetime, he exercised his right to choose among the existing remedies. Appellant cannot alter or defeat her husband's executed choice. *Reed v. Workmen's Compensation Appeal Board,* 52 Pa. Commonwealth Ct. 325, 415 A.2d 974 (1980).

Furthermore, claimant chose total disability compensation under Section 306(a) which does not have a corresponding survivor's clause imitative of the relationship between Section 306(c) and Section 306(g).

[P]rovisions of the Act particularly demonstrate that when the legislature intended to provide benefits to survivors, as it did with respect to specific loss of members and death as the result of compensable injuries, it clearly so provided. Since it made no provision for benefits to survivors with respect to awards of or agreements for the payment of compensation for disability under Subsections (a) [total disability] and (b) [partial disability] of Section 306, 77 P.S. §§511, 512, no rights to any exist. The law is that awards and agreements for compensa-

tion for disability are extinguished by the death of the worker.

*DeMontis,* 34 Pa. Commonwealth Ct. at 229-30, 372 A.2d at 952. Section 306(a) ends with the following admonition: "Nothing in this clause shall require payment of compensation after disability shall cease." Cessation of the disability would certainly be occasioned by the claimant's death.

Accordingly, we hold that appellant's petition for review and modification of her deceased husband's compensation award was properly denied, and we will enter the following

## ORDER

AND Now, December 18, 1980, the order of the Workmen's Compensation Appeal Board, dated September 24, 1979, Docket No. A-76472, is affirmed.