Wagner Electric Corporation, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Mary R. Erdman, Respondents.

Argued April 9, 1981, before President Judge CRUMLISH and Judges ROGERS and BLATT, sitting as a panel of three.

*Bart E. Ecker, Laputka, Bayless, Ecker & Cohen,* P.C., for petitioner.

*Thomas L. Kennedy, Kennedy, Carlyon & Conahan,* for respondent, Mary R. Erdman.

OPINION BY JUDGE BLATT, June 10, 1981:

The petitioner[1] seeks review of an order of the Board[2] granting benefits to the claimant[3] for total disability due to an occupational disease under Section 108(n) of The Pennsylvania Workmen's Compensation Act (Compensation Act).[4]

The claimant filed a petition alleging that she was totally disabled due to her exposure to noxious gases in the course of her employment which aggravated her pre-existing asthmatic condition. After a hearing, a referee assessed the conflicting evidence and determined that the claimant had been exposed to toxic fumes in the course of her employment, that such exposure aggravated her bronchial and asthmatic conditions causing total disability and that the claimant's condition is substantially more prevalent in her occupation than in the general public. He therefore granted benefits on the grounds that the claimant was totally disabled due to an occupational disease, and the Board affirmed. This appeal followed.

The petitioner contends that the claimant did not meet her burden of proof because, in order to establish that she had an occupational disease, she had not only to meet the three requirements of Section 108(n) of the Compensation Act,[5] but she also had to demonstrate that her disease was peculiar to her

[1] Wagner Electric Corporation.

[2] Workmen's Compensation Appeal Board.

[3] Mary R. Erdman.

[4] Act of June 2, 1915, P.L. 736, added by Act of October 17, 1972, P.L. 930, *as amended*, 77 P.S. §27.1.

[5] The pertinent portion of Section 108(n) of the Compensation Act provides that the term "occupational disease" includes:

(n) All other diseases (1) to which the claimant is exposed by reason of his employment, and (2) which are causally related to the industry or occupation, and (3) the incidence of which is substantially greater in that industry or occupation than in the general population.

occupation by its causes and the characteristics of its manifestations. *See Utter v. Asten-Hill Manufacturing Co.*, 453 Pa. 401, 309 A.2d 583 (1973).

We must point out that in *Utter* the Supreme Court was concerned with a claim under Section 108 (n) of the Occupational Disease Act, Act of June 21, 1939, P.L. 566, added by Section 1 of the Act of February 28, 1956, P.L. (1955) 1095, *as amended,* 77 P.S. §1208(n). The petitioner claims, we note, that our decision in *Polansky Bakery v. Workmen's Compensation Appeal Board,* 39 Pa. Commonwealth Ct. 189, 394 A.2d 1324 (1978), declared that the *Utter* requirement (*i.e.,* that a claimant prove that the characteristics of a disease are peculiarly related to his occupation) is equally applicable to claims under Section 108(n) of the Compensation Act. We cannot agree, however, with this interpretation.

A number of cases decided by this Court establish that a claimant need only meet the three statutory requirements in order to recover disability benefits for an occupational disease under the Compensation Act. *See e.g., Colt Industries v. Borovich,* 44 Pa. Commonwealth Ct. 493, 403 A.2d 1372 (1979) *rev'd on other grounds,* Pa. , 424 A.2d 1237 (1981); *Plasteel Products Corp. v. Workmen's Compensation Appeal Board,* 32 Pa. Commonwealth Ct. 405, 379 A.2d 908 (1977).

Moreover, we do not believe that *Polansky Bakery v. Workmen's Compensation Appeal Board, supra,* imposes an additional burden of proof upon the claimant beyond those delineated in the statute. That opinion specifically acknowledged the three statutory criteria of Section 108(n) of the Compensation Act to be the appropriate standards for determining disability due to an occupational disease, and any reference to the *Utter* standard was merely dicta and was not necessary to the holding in *Polansky Bakery.*

620

We, therefore, cannot read that case as requiring a claimant under Section 108(n) of the Compensation Act to prove that her disease is peculiar to her occupation by its causes and the characteristics of its manifestations.

We will affirm the Board's order.

ORDER

AND Now, this 10th day of June, 1981, the order of the Workmen's Compensation Appeal Board in the above-captioned case is affirmed and

IT IS FURTHER ORDERED that judgment is entered against the Wagner Electric Corporation and/or its insurance carrier in favor of the claimant, Mary R. Erdman, and her attorney in the amounts specified in the referee's decision.