William Frederick Holtzapfel, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Department of Public Welfare, Respondents.

Argued May 6, 1981, before Judges CRAIG, MAC-PHAIL and PALLADINO, sitting as a panel of three.

*Thomas P. Geer,* for petitioner.

*Joan A. Goldsmith,* for respondent, Department of Public Welfare.

OPINION BY JUDGE PALLADINO, December 23, 1981:

Claimant appeals an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision denying benefits to Claimant for noncompliance with Section 108(n) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* added by Section 1 of the Act of October 17, 1972, P.L. 930, 77 P.S. §27.1(n).[1] We affirm the Board's order.

After having worked five years as a utility plant operator, Claimant reported to his physician in order to be treated for shortness of breath. Subsequently, Claimant was hospitalized and released but required to use a respirator several times daily. Claimant filed a claim petition, requesting compensation pursuant to Section 108(n) of the Act.

In his first decision the referee denied benefits to Claimant because Claimant "failed to establish that his disease . . . is . . . peculiar in the characteristics of its manifestations from that suffered by the general population." Upon Claimant's appeal from the referee's determination, the Board correctly held that

---

[1] Section 108(n) of the Act states in pertinent part: The term occupational disease includes

All other diseases (1) to which the claimant is exposed by reason of his employment, and (2) which are causally related to the industry or occupation, and (3) the incidence of which is substantially greater in that industry or occupation than in the general population.

the referee had impermissibly placed upon Claimant a burden of proof that corresponded to Section 108(n) of The Pennsylvania Occupational Disease Act, Act of June 21, 1939, P.L. 566, *as amended,* added by Section 1 of the Act of February 28, 1956, P.L. (1955) 1095, 77 P.S. §1208(n). *Wagner Electric Corp. v. Workmen's Compensation Appeal Board,* 59 Pa. Commonwealth Ct. 617, 430 A.2d 701 (1981). Accordingly, the Board remanded the case to the referee for further hearings to determine whether, under Section 108(n) of The Pennsylvania Workmen's Compensation Act, Claimant could establish that the incidence of the disease from which he suffered was substantially greater in his occupation than in the general population. *Crucible Steel Corp. v. Workmen's Compensation Appeal Board,* 61 Pa. Commonwealth Ct. 500, 434 A.2d 242 (1981).

Although the referee duly scheduled hearings, Claimant did not offer any additional evidence. Consequently, the referee again found Claimant ineligible for compensation, concluding that Claimant "failed to establish that his disease . . . has . . . an incidence which is substantially greater in his industry or occupation than in the general population."[2] Without taking additional evidence, the Board affirmed the referee's denial of benefits.

On appeal before this Court Claimant argues solely that he should not be required to comply strictly with the terms of Section 108(n) because the Act is to be liberally construed on behalf of disabled workers. *Dumas v. Workmen's Compensation Appeal Board,* 55 Pa. Commonwealth Ct. 459, 423 A.2d 476 (1980).

---

[2] It is undisputed that Claimant proved the first two criteria of Section 108(n), *i.e.,* (1) exposure to disease through his job and (2) the causal nexus between his occupation and the onset of his disorder.

While the Act is to be benevolently interpreted, the legislative intent manifested in unambiguous language cannot be ignored. *Dumas.* Under the Act not all maladies qualify as compensable occupational diseases. *McHale v. Workmen's Compensation Appeal Board,* 56 Pa. Commonwealth Ct. 344, 425 A.2d 34 (1981). Where an ailment is not generally considered to be work-related and is therefore not specifically listed in the Act as an occupational disease, a claimant seeking recompense under the Section 108(n) omnibus clause

> must not only prove that his condition is one to which he is exposed by reason of his employment and is causally related to the industry or occupation; he must also prove that the incidence of the condition is substantially greater in that industry or occupation than in the general population.

*Id.* at 348, 425 A.2d at 36. This Court has repeatedly maintained that " [t]o be entitled to an award under Section 108(n) of the Act a claimant must prove *all* the elements of that Section." *Id.* at 348, 425 A.2d at 36 (emphasis in original); *Colt Industries v. Workmen's Compensation Appeal Board,* 57 Pa. Commonwealth Ct. 463, 426 A.2d 743 (1981); *Crucible Steel Corp. v. Workmen's Compensation Appeal Board,* 52 Pa. Commonwealth Ct. 165, 415 A.2d 458 (1980); *Gallo v. Workmen's Compensation Appeal Board,* 31 Pa. Commonwealth Ct. 599, 377 A.2d 1014 (1977).

Since on remand to the referee, Claimant was given the opportunity to present evidence on the precise issue of the incidence of his disorder in his occupation and since Claimant neglected to adduce any evidence regarding same, the referee and the Board properly concluded that Claimant had not met his burden of proof under Section 108(n) of the Act and was not entitled to benefits.

374

Accordingly, we enter the following

ORDER

AND Now, December 23, 1981, the order of the Workmen's Compensation Appeal Board, Docket No. A-78186, dated June 12, 1980, is affirmed.