Anthony DeMontis, by Pauline DeMontis, His Widow, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, Holy Cross Cemetery and American Mutual Liability Insurance Company, Respondents.

Argued March 10, 1977, before Judges CRUMLISH, JR., KRAMER and ROGERS, sitting as a panel of three. Reargued December 7, 1977, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., ROGERS, BLATT and DiSALLE.

*Gerald J. Haas,* for appellant.

*Charles W. Craven,* with him *Marshall, Dennehey & Warner,* and *James N. Diefenderfer,* for respondents.

OPINION BY JUDGE ROGERS, April 25, 1977:

On May 24, 1967, Anthony DeMontis, then 67 years old, was seriously injured while employed as a grave-digger by the Holy Cross Cemetery in Yeadon, Pennsylvania. On June 7, 1967, Mr. DeMontis executed a workmen's compensation agreement for total disability, and compensation was paid him under this agreement through May 1, 1968. On May 2, 1968, Mr. De-Montis and his employer entered into a supplemental agreement stating that he was able to return to work with a 35% disability and providing partial disability compensation in the amount of $23.52 a week. These payments continued until January 4, 1973, on which date Mr. DeMontis died.

On August 24, 1973, Pauline DeMontis, widow of Anthony DeMontis, filed a Fatal Claim Petition, which was granted by a referee, whose decision was affirmed by the Workmen's Compensation Appeal Board. The Board's order was not appealed by the employer and the Fatal Claim award is not a subject of the instant appeal.

At the same time that she filed the Fatal Claim Petition, Mrs. DeMontis filed a petition for review and modification of the June 13, 1968 supplemental agree-

ment under Section 413 of The Pennsylvania Workmen's Compensation Act[1] (Act), 77 P.S. §§771 and 772, alleging, *inter alia*, that the 35% partial disability recited in the supplemental agreement was incorrect, that the agreement should be corrected to provide compensation for total disability, and that the difference between the amount payable for total disability after May 2, 1968 and until Mr. DeMontis' death and the amount paid him during his lifetime should be awarded to her, his widow. The referee dismissed the petition for the reasons, *inter alia*, (1) that the surviving widow lacked standing to claim benefits for disability which might have been claimed by her husband during his lifetime, and (2) that the widow had failed to carry her burden of proving that the supplemental agreement was incorrect. The Board affirmed, holding that the Act does not authorize a petition for review and modification of a partial disability compensation agreement upon petition of a widow filed after the employe's death. Mrs. DeMontis appealed. We affirm the Board.

Although her Petition for review and modification has language appropriate to a claim under both subsections (a) and (b) of Section 413, the appellant in this appeal relies only on Subsection (a), 77 P.S. §771, which reads:

A referee of the department may, at any time, review and modify or set aside a notice of compensation payable and an original or supplemental agreement or upon petition filed by either party with the department, or in the course of the proceedings under any petition pending before such referee, if it be proved that such notice of compensation payable or agreement was in any material respect incorrect.

---

[1] Act of June 2, 1915, P.L. 736, *as amended.*

Passing over a consideration of whether Pauline DeMontis was a "party" to the supplemental agreement, a subject not addressed by either of the parties to this appeal, we proceed to provisions of The Pennsylvania Workmen's Compensation Act which demonstrate that the widow has no claim under Section 413 (a) or any other provision of the Act with respect to awards or agreements for compensation for disability of her deceased husband. Schedules of compensation are provided for by Section 306 of the Act. Section 306(a), 77 P.S. §511, provides the schedule of compensation for total disability; Section 306(b), 77 P.S. §512, provides the schedule of compensation for partial disability; Section 306(c) and (d), 77 P.S. §§513, 514 provide the schedule of compensation for the loss of or permanent loss of the use of members of the body and certain other permanent injuries; and Section 306(g), 77 P.S. §541, provides that should the worker die from some cause other than his injury, payments of compensation to which the deceased worker would have been entitled under Section 306(c) for the permanent loss of certain members there enumerated will survive for the benefit of the worker's survivors.

Section 307 of the Act, 77 P.S. §561, provides that in the case of death resulting from the worker's injuries his widow and children shall receive the benefits there described. The rights accorded widows and children under Section 307 have been held to be independent claims and not derivative of or conditioned upon any rights of the employe at the time of his death. *Parks v. Winkler,* 199 Pa. Superior Ct. 224, 184 A.2d 124 (1962).

These provisions of the Act particularly demonstrate that when the legislature intended to provide benefits to survivors, as it did with respect to specific loss of members and death as the result of compensa-

ble injuries, it clearly so provided. Since it made no provision for benefits to survivors with respect to awards of or agreements for the payment of compensation for disability under Subsections (a) and (b) of Section 306, 77 P.S. §§511, 512, no rights to any exist. The law is that awards and agreements for compensation for disability are extinguished by the death of the worker.

While *Kujawa v. Latrobe Brewing Co.,* 454 Pa. 165, 312 A.2d 411 (1973), concerned a claim by a widow under Section 307 filed after the 300 week limitation on death claims provided by Section 301(c), 77 P.S. §411, and not, as here, a claim by the widow for disability compensation, one of claimant's theses in *Kujawa* was the same as the claimant's here—that the widow has a claim on account of her husband's disability compensation payments, although all payments due under the award or agreement with the decedent were made during his lifetime. The Pennsylvania Supreme Court held that the widow's claim was barred by the statute. Mr. Chief Justice JONES's analysis and language in that case is clearly applicable to this and dispositive.

Under the Workmen's Compensation Act a surviving widow has two bases for a compensation claim. One is under Section 306(g) of the Act, 77 P.S. §541, which provides in part:

'Should the employe die from some other cause than the injury, payments of compensation to which the deceased would have been entitled to [sic] under section 306(c)(1) to (25) [77 P.S. §513] shall be paid to the following persons who at the time of death of the deceased were dependents within the definition of clause (7) of section 307 [77 P.S. §§542, 561, 562 and 581] and in the following order and amounts:

'To the surviving widow. . . .' The second basis for a widow's compensation claim is pro-

vided under Section 307 of the Act, 77 P.S. §561, which provides in part:

'In the case of death, compensation shall be computed on the following basis and distributed to the following persons:

. . . .

'2. To the widow. . . .'

At the death of appellant's husband, he was not receiving nor entitled to compensation for scheduled injuries listed in Section 306(c), thereby precluding Section 306(g) of the Act as a basis for recovery by his widow.[5] *Nor can the widow's claim in this case in any way be construed to be a continuation of the workmen's compensation payments which had been awarded appellant's husband for total disability because that award, being for the balance of the decedent's life, was extinguished by his death.* It is therefore clear that appellant's right to compensation must be founded upon Section 307 of the Act. (Emphasis added.) (Brackets in original.)

[5] Had this been the case, the widow's claim would have been for a continuation of payments awarded to her husband. In that case death would not have been the basis of the award *to the widow* but the precipitating event. (Emphasis in original.)

*Kujawa, supra* at 168-69, 312 A.2d at 413.

Finally, the right of review and modification conferred by Section 413(a) has been held to relate only to existing compensation agreements for total or partial disability. *Glen Alden Corporation v. Tomchick,* 183 Pa. Superior Ct. 306, 130 A.2d 719 (1957). Since, as *Kujawa* says, agreements for disability are extinguished on the death of the worker there was no exist-

ing agreement which could be the subject of a Section 413(a) claim.

Pauline DeMontis having proved that her husband's death was the result of his injury in May, 1967, properly claimed and was properly awarded the benefits provided to widows by Section 307, 77 P.S. §561. The Pennsylvania Workmen's Compensation Act provides her no other benefits in these circumstances.

We will, therefore, affirm the Workmen's Compensation Appeal Board's order.

ORDER

AND Now, this 25th day of April, 1977, it is ordered, adjudged and decreed that the appeal of Pauline DeMontis from the order of the Workmen's Compensation Appeal Board made July 1, 1976 with respect to the appeal of Pauline DeMontis in Case No. A-70368, be and it is hereby dismissed; and that the order of the Workmen's Compensation Appeal Board be and it is hereby affirmed.

CONFIRMING OPINION BY JUDGE WILKINSON, JR., AFTER REARGUMENT, March 9, 1978:

This appeal was originally argued in March of last year before a panel of Judges. At that time an opinion was written by Judge ROGERS which affirmed an order of the Workmen's Compensation Appeal Board (Board) denying appellant's petition for modification and review of a supplemental agreement entered into by her husband and his employer. *DeMontis v. Workmen's Compensation Appeal Board,* 372 A.2d 950 (1977). This case was then set down for reargument before the Court en banc. We find no reason to alter the able opinion written by Judge ROGERS, and we, therefore, reaffirm both the reasoning and the result

set forth in that decision. We do, however, wish to add certain comments pertaining to our companion decision in *Flynn v. Asten-Hill Manufacturing Co.*, 34 Pa. Commonwealth Ct. 218, 383 A.2d 255 (1978).

To briefly restate the facts of the instant case, Anthony DeMontis was seriously injured on May 24, 1967, while employed as a gravedigger at the Holy Cross Cemetery in Yeadon, Pennsylvania. On June 7, 1967, Mr. DeMontis entered into a workmen's compensation agreement for total disability. Payment was made under this agreement through May 1 of the following year. On June 13, 1968 a supplemental agreement was executed providing that Mr. DeMontis was able to return to work with a partial disability of 35%.[1] Mr. DeMontis received payment for this partial disability from May 2, 1968 until his death on January 4, 1973.

On August 24, 1973, Pauline DeMontis, the widow of Anthony DeMontis, filed two claim petitions. One was a fatal claim petition for which she was awarded benefits by the referee. This award was affirmed by the Board, and was not further contested by any of the parties involved. The other petition was for review and modification of the supplemental agreement, and was filed pursuant to Section 413 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§771 and 772. The panel held that Mrs. DeMontis had no "claim on account of her husband's disability compensation payments, [where] all payments due under the award or agreement with the decedent were made during his lifetime," *DeMontis, supra*, 372 A.2d at 952, and where no petition for review and modification had been filed by the employee during his lifetime. The soundness

---

[1] This supplemental agreement appears to have been witnessed by Pauline DeMontis as a witness for Mr. DeMontis.

of that holding is further evidenced by our decision in *Flynn, supra.*

In *Flynn,* a case arising under The Pennsylvania Occupational Disease Act (Act), Act of June 21, 1939, P.L. 566, *as amended,* 77 P.S. §1201 et seq., a widow sought to obtain total disability benefits, and reimbursement for medical and hospital expenses, on behalf of her husband for a period running from August 30, 1967 until his death on October 15, 1967. Mrs. Flynn's husband had not filed a claim petition for disability prior to his death. Mrs. Flynn received benefits as a widow pursuant to her fatal claim petition. She contended in addition, however, that her husband's cause of action did not abate with his death, and that the Act specifically allowed a widow to file for disability benefits on behalf of her husband even when he had filed no such claim during his lifetime. This Court rejected her claim, and specifically held that the Act in no way provided for the survival of an employee's disability claim, when that employee had filed no claim petition in his lifetime. While a widow could file a fatal claim petition, and collect benefits accordingly, she could not, we held, also pursue disability benefits not claimed by her husband in his lifetime.

Accordingly, we will enter the following

## ORDER

Now, March 9, 1978, the order of this Court, No. 1268 C.D. 1976, entered April 25, 1977, in the above matter is confirmed.

----

CONCURRING OPINION BY JUDGE DiSALLE:

Since Section 413 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§771 and 772, provides that

only a "party" may file a petition for review and modification where no similar petition had been filed during the employe's lifetime, I concur in the result here.

To the extent that the majority opinion can be interpreted to mean that a dependent may never file a claim for benefits which would have accrued during the claimant's lifetime, I respectfully disagree for the reasons set forth in my concurring opinion in *Flynn v. Asten-Hill Manufacturing Co.*, 34 Pa. Commonwealth Ct. 218, 383 A.2d 255 (1978).

Judge ROGERS joins.