Frederico Granero Company, Petitioner v. Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Maria P. Granero, Wife of Jorge A. Granero, Deceased, Respondents.

Majority Opinion found at page 265.

DISSENTING OPINION BY JUDGE MENCER:

I respectfully dissent. In *DeMontis v. Workmen's Compensation Appeal Board*, 34 Pa. Commonwealth Ct. 225, 383 A.2d 259 (1978), we held that, while a widow could file a fatal claim petition and collect benefits, she could not also pursue benefits not claimed by her husband in his lifetime. The right of a widow to Compensation is a separate cause of action, independent of and not derivative from the right of the deceased husband. *Kujawa v. Latrobe Brewing Co.*, 454 Pa. 165, 312 A.2d 411 (1973).

The majority endeavors to distinguish the instant case from our holding in *DeMontis* and "disavows" its critical language which held that a dependent of a deceased employe who failed to file a claim during his lifetime may not file a claim after the employe's death. I am not persuaded by the majority's endeavor but remain convinced that our reasoning as set forth in our original decision in *DeMontis* and reported as *De-*

*Montis v. Workmen's Compensation Appeal Board*, 34 Pa. Commonwealth Ct. 225, 372 A.2d 950 (1977), was correct.

I would leave the remedy for the problem of hardship, if there be such a problem, to be fashioned by the legislature rather than by judicial fiat under a spirit of "giving the Act the broad, liberal construction which has traditionally been accorded it."