588 A.2d 1029

**George W. SHAFFER, Deceased, Marian
Shaffer, Widow, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD
(SILVER & SILVER, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Argued Dec. 7, 1990.

Decided April 1, 1991.

Jay M. Herskowitz, Cherry Hill, N.J., for petitioner.

John C. Farrell, Margolis, Edelstein, Scherlis, Sarowitz and Kraemer, Philadelphia, for respondent.

Before DOYLE, COLINS (P.) and SMITH, JJ.

SMITH, Judge.

Before this Court is the petition of Marian Shaffer (Petitioner), widow of George W. Shaffer (Claimant), for review of the March 29, 1990 order of the Workmen's Compensation Appeal Board (Board) which reversed the decision of the referee granting a petition for commutation filed jointly by Claimant and Silver & Silver, Inc. (Employer), pursuant to The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1031. The issue presented in this appeal is whether a joint petition for commutation of future installment payments ·for

partial disability compensation, as agreed upon in the supplemental agreement executed by Claimant and Employer, may be granted after Claimant's death where the petition was filed prior to Claimant's death.

On May 30, 1979, Claimant sustained a comminuted fracture of his left oscalcis in the course of his employment with Employer. As a result of that injury, Claimant received maximum total disability benefits beginning June 7, 1979 pursuant to a notice of compensation payable. In a supplemental agreement for compensation dated January 24, 1986, Claimant and Employer agreed that Claimant's status changed to partial disability and that he was entitled to compensation of $100 per week for 500 weeks commencing January 24, 1986. The supplemental agreement was subject to the approval of a joint petition for commutation of Claimant's right to future benefits for partial disability which would allow Claimant to receive a lump-sum payment of $50,000. In a January 31, 1986 letter addressed to Claimant's counsel, Employer's counsel stated that "[s]hould the Referee refuse to grant the joint Petition for Commutation, the Company recognizes that the Agreement has no legal effect and the claimant's status would automatically return to the status that existed before the Agreement was executed." Exhibit D–4.[1]

On February 20, 1986, Claimant and Employer filed a joint petition for commutation and the supplemental agreement with the Bureau of Worker's Compensation. The joint petition for commutation averred, inter alia, that Claimant desired to use the lump-sum payment for financial investments, that the Employer's insurance carrier had no objection to the petition and waived a statutory discount, and that Claimant would not be charged attorney's fees for the commutation proceeding. The parties also agreed that Claimant would continue to receive bi-monthly compensation for total disability until approval of the joint petition by

1. Petitioner admits in her brief that "claimant agreed to modify his status from total disability to partial so long as [Employer] agreed to a commutation, without statutory discount, giving claimant a lump sum payment of $50,000." Petitioner's Brief, p. 9.

the referee. On March 28, 1986, before hearing on the petition, Claimant died from a cause unrelated to his work-related injury.

Upon learning of Claimant's death, Employer's counsel notified the referee on April 2, 1986 of the withdrawal of the joint petition for commutation. Claimant's counsel initially objected to withdrawal but thereafter also formally requested withdrawal of the petition by letter to the referee dated April 10, 1986. However, by letter dated April 29, 1986, the referee was advised that new counsel had been retained to represent Claimant's interest in the commutation proceeding.[2]

After a hearing held on February 12, 1987, in which the parties' stipulation of facts and conclusions of law, supplemental agreement and other documents were admitted, the referee concluded that "[t]he terms and facts as set forth in the joint Petition for Commutation at bar as well as in the stipulation were fair and binding on the respective parties and survive claimant's death." Referee Conclusions of Law No. 1. The referee granted the petition and ordered Employer and its insurance carrier to pay Claimant's "estate" in one lump sum, without statutory discount, compensation for partial disability as agreed upon by the parties. Further, contrary to the terms of the stipulation, the referee directed that twenty percent of the commuted sum be deducted and paid to Claimant's attorney. On appeal, the Board reversed the referee, concluding that there was no foundation for the petition for commutation of Claimant's future compensation since Claimant's right to compensation was extinguished upon his death and that the referee decided not what was best for Claimant, but rather what was best for his estate.

Petitioner contends in this appeal that the Board exceeded the scope of its authority in disregarding the referee's

2. The petition for commutation was never amended to substitute Claimant's widow or his estate in the proceeding. Moreover, Employer's counsel requested an indemnity bond to safeguard Employer and its insurance carrier since they objected to the petition. Despite the request, an indemnity bond was never posted.

findings of fact which were based upon the parties' stipulation of facts and conclusions of law and that the Board erred in concluding that the petition for commutation cannot be granted after Claimant's death.

Section 407 of the Act, 77 P.S. § 731, provides in pertinent part that "any agreement ... permitting a commutation of [workmen's compensation] payment contrary to the provisions of this act, or varying the amount to be paid or period during which compensation shall be payable as provided in this act, shall be wholly null and void...." Section 412 of the Act, 77 P.S. § 791, provides that "[i]f any party shall desire the commutation of future installments of compensation, he shall present a petition therefor to the department to be heard and determined by a referee." Section 316 of the Act, 77 P.S. § 604, further provides:

> The compensation contemplated by this article may at any time be commuted by the board, at its then value when discounted at five per centum interest, with annual rests, upon application of either party, with due notice to the other, if it appear[s] that such commutation will be for the best interest of the employe or the dependents of the deceased employe, and that it will avoid undue expense or undue hardship to either party, or that such employe or dependent has removed or is about to remove from the United States, or that the employer has sold or otherwise disposed of the whole or the greater part of his business or assets: Provided, however, That unless the employer agrees to make such commutation, the board may require the employe or the dependents of the deceased employe to furnish proper indemnity safe-guarding the employer's rights.

In construing Sections 316 and 412 of the Act, this Court has held that the Board and the referee have concurrent jurisdiction over a petition for commutation. *Huskins v. Workmen's Compensation Appeal Board (University of Pennsylvania)*, 80 Pa.Commonwealth Ct. 161, 471 A.2d 114 (1984); *Workmen's Compensation Appeal Board v. Montrose*, 20 Pa.Commonwealth Ct. 97, 340 A.2d 605 (1975).

When a petition for commutation is first heard by a referee, as here, his or her findings of fact which are supported by competent evidence may not be disturbed by the Board; however, the question of whether on those facts commutation should be granted is one of law. *Glinka v. Workmen's Compensation Appeal Board (Sears, Roebuck & Co.),* 104 Pa.Commonwealth Ct. 175, 521 A.2d 503, *appeal denied,* 516 Pa. 644, 533 A.2d 714 (1987). This Court's scope of review of the decision to grant or deny a petition for commutation of workmen's compensation benefits is limited to a determination of whether constitutional rights have been violated, whether an error of law has been committed, or whether necessary findings of fact are not supported by substantial evidence. *Glinka.*

In the matter *sub judice,* Petitioner acknowledges the concurrent authority of the Board and the referee to decide the petition for commutation under the Act, but contends that the Board erred in reversing the referee's decision because the stipulation of facts submitted by the parties was binding upon the referee and the Board. *See Klingler v. Workmen's Compensation Appeal Board,* 50 Pa.Commonwealth Ct. 335, 413 A.2d 432 (1980) (stipulated findings can support a conclusion of the referee and bind the referee and the Board). On the other hand, Employer argues, and the Board concluded, that the parties' stipulation of facts submitted to the referee in support of the petition could not be a basis for the referee's decision since Claimant's right to future installment payments pursuant to the supplemental agreement was terminated by Claimant's death. Thus, the resolution of this dispute depends upon a determination of whether the supplemental agreement to provide future installment payments for compensation for partial disability survived Claimant's death. After a review of the record and applicable case law, this Court agrees with the Board and concludes that the petition for commutation may not be granted under the facts of this case and

that the referee thus committed an error of law.[3]

Section 306(g) of the Act, 77 P.S. § 541, provides in pertinent part:

Should the employe die from some other cause than the [work-related] injury, payments of compensation to which the deceased would have been entitled to under section 306(c)(1) to (25) [77 P.S. § 513, schedule of compensation for the permanent loss of certain bodily members] shall be paid to the ... persons who at the time of death of the deceased were dependents....

Further, Section 307 of the Act, 77 P.S. § 561, provides benefits to survivors in case of death as a result of compensable, work-related injuries. *DeMontis v. Workmen's Compensation Appeal Board*, 34 Pa.Commonwealth Ct. 225, 372 A.2d 950 (1977), *reaff'd after reargument*, 34 Pa.Commonwealth Ct. 225, 383 A.2d 259 (1978).

In *DeMontis*, the claimant received compensation for total disability as the result of a work-related injury. Later, the claimant and the employer agreed to modify the claimant's status to partial disability providing fixed weekly compensation payments. After the claimant's death, his widow sought modification of the supplemental agreement under Section 413(a) of the Act, 77 P.S. § 771 and § 772. The Board concluded that the Act does not authorize a petition for review and modification of a partial disability agreement filed after the employee's death. In affirming

---

**3.** Once a petition for commutation is granted and a commuted amount is paid, the relationship between employer and employee is settled and all obligations are satisfied, thereby precluding potential claims in the future. *Green v. Workmen's Compensation Appeal Board*, 43 Pa.Commonwealth Ct. 143, 401 A.2d 1243 (1979). Consequently, Employer further argues that the supplemental agreement upon which the joint petition for commutation was based is null and void since it constitutes a proposed settlement which is contrary to the Act in that it would alter both the amount and the period during which compensation for disability would be paid. 77 P.S. § 731; *Temple v. Pennsylvania Department of Highways*, 445 Pa. 539, 285 A.2d 137 (1971); *Green*. It is unnecessary however to consider the validity of the supplemental agreement since Claimant's right to compensation thereunder, even if considered to be valid, was extinguished by his death and the agreement thus cannot be a basis for granting the petition.

the Board, this Court noted that "when the legislature intended to provide benefits to survivors, as it did with respect to specific loss of [bodily] members and death as the result of the compensable injuries, it clearly so provided." *Id.* 34 Pa.Commonwealth Ct. at 229–30, 372 A.2d at 952. This Court concluded that since the Act made no provision for benefits to survivors with respect to awards of or agreements for compensation for total or partial disability under Sections 306(a) and 306(b) of the Act, 77 P.S. § 511 and § 512, the survivors do not have any rights to benefits under the Act. The Court reasoned that "[t]he law is that awards and agreements for compensation for disability are extinguished by the death of the worker." *Id.*

Earlier, the Pennsylvania Supreme Court in *Kujawa v. Latrobe Brewing Co.,* 454 Pa. 165, 312 A.2d 411 (1973), reached the same conclusion regarding the effect of the claimant's death on the award of compensation for disability. In reviewing the fatal claim petition filed by a widow whose husband had been paid compensation for total disability for seven years until his death, the Court found that total disability benefits, payable for the balance of the decedent's life, was extinguished by his death. *Id.,* 454 Pa. at 169, 312 A.2d at 411. *See also Reed v. Workmen's Compensation Appeal Board,* 499 Pa. 177, 452 A.2d 997 (1982); *Turner v. Jones & Laughlin Steel Corp.,* 479 Pa. 618, 389 A.2d 42 (1978); *Piacine v. Workmen's Compensation Appeal Board,* 59 Pa.Commonwealth Ct. 96, 428 A.2d 1029 (1981). The rationale behind this principle is that total disability benefits serve as compensation for loss of earning power, based not upon specific injuries but on the totality of a claimant's condition. By comparison, specific loss payments which survive a claimant's death as provided in the Act are intended specifically to compensate a claimant for loss of use of designated bodily members rather than for the general loss of earning power. Therefore, the need to compensate a claimant for loss of earning power ceases when that loss terminates by the death of the claimant for reasons unrelated to his injuries. *Reed. See also Flynn v.*

*Asten Hill Manufacturing Co.,* 34 Pa.Commonwealth Ct. 218, 383 A.2d 255 (1978) (an employee's cause of action for lifetime disability does not survive his death).

In the instant case, both parties agree that Claimant's death was not caused by his work-related injury. Nor was Claimant entitled to compensation for loss of any bodily member under Section 306(c) of the Act. Further, Claimant died before the referee's grant of the petition for commutation upon which the supplemental agreement was conditioned. Moreover, Claimant received compensation for total disability up to the time of his death. Although *Kujawa* and *DeMontis* did not involve a petition for commutation, the principle set forth in those cases is equally applicable to the matter *sub judice.* Since the supplemental agreement entered into by Claimant and Employer purporting to enter into a lump-sum settlement was extinguished by Claimant's death, there was no existing agreement for compensation which could be the basis for the petition for commutation at the time of the referee's decision. Consequently, since Claimant's entitlement to total disability benefits did not survive his death, no statutory basis existed for a claim by Claimant's surviving widow. Thus, the referee, by granting the petition and awarding a lump-sum payment to Claimant's estate, committed an error of law.

Accordingly, the order of the Board reversing the referee's grant of the petition for commutation must be affirmed.

## ORDER

AND NOW, this 1st day of April, 1991, the order of the Workmen's Compensation Appeal Board, dated March 29, 1990, is hereby affirmed.