617 A.2d 839

**Mary Lou HERSHBERGER, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (MAR JAN CORPORATION), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 24, 1992.

Decided Nov. 18, 1992.

Regis J. Schnippert, for petitioner.

No appearance for respondent.

Before SMITH and KELLEY, JJ., and LORD, Senior Judge.

LORD, Senior Judge.

Mary Lou Hershberger appeals a Workmen's Compensation Appeal Board (board) order affirming the referee's decision which dismissed Hershberger's commutation petition.

David Hershberger was fatally injured on June 14, 1988. On September 26, 1988, Mary Lou Hershberger, David's widow, and the State Workmen's Insurance Fund entered into an Agreement for Compensation providing for weekly payments of $179.63 from June 14, 1988 until the eighteenth birthday of Mary Lou Hershberger's daughter on January 15, 1993, and for weekly payments of $152.68 from January 16, 1993 for the remainder of Mrs. Hershberger's widowhood.

On April 19, 1990, Mary Lou Hershberger filed a Petition for Commutation of Compensation. A hearing on the petition was held on June 12, 1990. Subsequently, the referee issued an order dismissing the petition. Hershberger appealed to the board, which affirmed the referee's decision. The present appeal followed.

Our scope of review of the decision to grant or deny a petition for commutation of workmen's compensation benefits is limited to a determination of whether constitutional rights

have been violated, whether an error of law has been committed, or whether necessary findings of fact are not supported by substantial evidence. *Shaffer v. Workmen's Compensation Appeal Board (Silver & Silver, Inc.)*, 138 Pa.Commonwealth Ct. 624, 588 A.2d 1029 (1991). Pursuant to Section 316 of the Workmen's Compensation Act [1], the board may approve an agreement to commute compensation payable:

> if it appears that such commutation will be for the *best interest of the employe or the dependents of the deceased employe*, and that it will avoid undue expense or undue hardship to either party, or that such employe or dependent has removed or is about to remove from the United States, or that the employer has sold or otherwise disposed of the whole or the greater part of his business or assets: Provided, however, That unless the employer agrees to make such commutation, the board may require the employe or the dependents of the deceased employe to furnish proper indemnity safe-guarding the employer's rights. (emphasis added).

Hershberger argues on appeal that the referee's determination that commutation is not in her best interest is not based on substantial evidence.

The referee found that the proposed commutation which would allow the funds to be invested in an annuity, would result in greater weekly benefits. (Finding of Fact No. 5, Referee's decision, 11/26/90). He also found that Hershberger had calculated the commutation to have approximately the present value of lifetime benefits due to her and her minor daughter. (Finding of Fact No. 6). The referee then made the following finding of fact. "It is found that the proposal which the defendant does not agree to is not in the best interests of *either the defendant* or claimant." (Finding of Fact No. 8) (emphasis added). The referee made no other meaningful findings on the commutation, did not state his reason why the commutation was not in Hershberger's best interest, and did not cite any evidence on which he relied in

1. The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 604.

reaching his conclusion. The referee's decision, affirmed by the board without additional elaboration, is insufficient to deny Hershberger's commutation petition and is inadequate if we are to perform our appellate review.

The board's decision, in turn, is equally unavailing to us in this regard. After noting its scope of review and repeating the oft-cited rule that the referee is the sole finder of fact in worker's compensation claims, the Board merely states that it "cannot state that the Referee abused his discretion in this matter, and therefore, the appeal of the claimant must be dismissed." This decision, like that of the referee, fails to give us any indication as to whether the commutation agreement does or does not comport with the standards found in section 316. Indeed, in the face of the referee's findings which, although sketchy, appear to indicate that the commutation *is* in Hershberger's best interest, we are left with only a summary statement that the referee did not abuse his discretion in refusing to approve the commutation.

Therefore, we vacate the board's order and remand this case to the referee for further findings and a statement of the reason why the commutation petition is or is not in the claimant's best interest.[2]

## ORDER

AND NOW, this 18th day of November, 1992, the Workmen's Compensation Appeal Board order at A90–2746, dated October 30, 1991 is hereby vacated and remanded to the board to be remanded to the referee. The referee is ordered to make additional findings and state the reasons why the commutation petition is or is not in the claimant's best interest.

Jurisdiction relinquished.

2. Hershberger also raises the argument that the referee erred as a matter of law in concluding that the commutation petition was not in the best interest of the employer. We note that Section 316 directs the referee to consider only the best interests of the employe or his dependents. We do not address this argument, however, due to our disposition of the case.