**Clair WENTZ, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (CONSOLIDATED FREIGHTWAYS, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Aug. 12, 1994.
Decided Jan. 6, 1995.

William H. Poole, Jr., for petitioner.

Kerry Voss Smith, for respondent.

Before PELLEGRINI and FRIEDMAN, JJ., and DELLA PORTA, Senior Judge.

DELLA PORTA, Senior Judge.

Clair Wentz (Claimant) appeals from the order of the Workmen's Compensation Appeal Board (Board) which affirmed the decision of the referee denying his Petition for Commutation. We affirm.

On April 1, 1986, Claimant sustained a work-related injury to his right shoulder while employed by Consolidated Freightways (Employer) and received workers' compensation benefits pursuant to a Notice of Compensation Payable. On December 5, 1988, Claimant accepted alternative employment with Griffith Cadillac as an Assistant Body Shop Manager at less than his pre-injury wages, thereby reducing his workers' compensation benefits from Employer. A Supplemental Agreement filed October 10, 1990, modified Claimant's benefits from total to partial.

On March 10, 1990, while working for Griffith Cadillac, Claimant sustained a new and separate work-related injury which rendered him totally disabled once again. Claimant is now receiving total disability benefits at the maximum amount allowed under Section 306(a) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 511. Accordingly, Employer's obligation to pay partial disability benefits has been stayed by operation of law until such time as Claimant is no longer totally disabled from the work-related injury sustained while employed by Griffith Cadillac.

On or about June 3, 1992, Claimant filed a Petition for Commutation, pursuant to Section 412 of the Act,[1] seeking to commute his future partial disability benefits from Employer. Employer filed a timely and respon-

1.  77 P.S. § 791.

sive answer to Claimant's petition opposing the commutation.

■ Our scope of review of the decision to grant or deny a petition for commutation of workers' compensation benefits is limited to a determination of whether constitutional rights have been violated, whether an error of law has been committed, or whether necessary findings of fact are supported by substantial evidence. *Shaffer v. Workmen's Compensation Appeal Board (Silver & Silver, Inc.)*, 138 Pa.Commonwealth Ct. 624, 588 A.2d 1029 (1991).

■ Pursuant to Section 316 of the Act,[2] the Board may approve an agreement to commute compensation payable "if it appears that such commutation will be for the *best interest of the employe* or the dependents of the deceased employe, and that it will avoid undue expense or undue hardship to either party...." (Emphasis added.) Furthermore, although the Board and the referee have concurrent jurisdiction over commutation requests, where the petition is first heard by a referee, his or her findings of fact which are supported by substantial evidence may not be disturbed by the Board. *Glinka v. Workmen's Compensation Appeal Board (Sears, Roebuck & Co.)*, 104 Pa.Commonwealth Ct. 175, 521 A.2d 503, *petition for allowance of appeal denied*, 516 Pa. 644, 533 A.2d 714 (1987). The question of whether a commutation should be granted is one of law. *Id.*

■ Claimant asserts, correctly, that Section 316 directs the referee and the Board to consider only the best interest of the employee or his dependents when determining whether or not to grant Claimant's commutation petition. Claimant argues that the referee and the Board erred in denying his commutation petition based on the erroneous analysis that it was not in the best interest of Employer. Claimant also argues that the referee and the Board erred in not granting

the commutation when the parties had reached a binding agreement to do so.[3]

A review of the record shows that the referee denied the petition on the grounds that Claimant was not entitled to seek a commutation from Employer, and not because it was not in Employer's best interest. Specifically, the referee found, in Finding of Fact No. 5, that:

> As a result of the Claimant's work injury at Griffith Cadillac and concomitant total disability, the Claimant began receiving maximum workers' compensation benefits from Griffith Cadillac's insurer, Kemper Insurance, thereby eliminating for the time being Consolidated Freightways' obligation to provide workers' compensation benefits to the Claimant.

The referee therefore concluded that because Employer was not obligated to pay Claimant any disability benefits, Claimant was not entitled to a commutation from Employer. In affirming the referee, the Board concluded that:

> In the present case Defendant had no immediate obligation to pay benefits and the likelihood of payment in the future could not be established. It is more than theoretical that Defendant would never be called upon to pay any additional benefits to Claimant. Ordering a commutation at this time would not reasonably protect the interests of Defendant.

Contrary to Claimant's assertions, it is apparent that both the referee and the Board were discussing the threshold issue of whether or not Claimant was even entitled to seek a commutation of benefits before reaching the issue of whether a commutation would be in the best interest of Claimant. As we see it, Claimant, while currently totally disabled and receiving total disability benefits from Griffith Cadillac, was seeking to simultaneously commute his partial disability bene-

---

2. 77 P.S. § 604.

3. At the hearing, Claimant attempted to introduce evidence of the written communications between his counsel and a Senior Claims Examiner for Employer, wherein the parties agreed to settle the claim for $40,000. The referee ruled that any testimony concerning any agreement

was inappropriate in this forum in order to prove a settlement because if "any settlement is struck and it does not follow the requirements of the Workers' Comp[ensation] law, I cannot rule in accordance with that." (September 22, 1992 Hearing, N.T., p. 25.)

fits from Employer. However, since "disability" is synonymous with loss of earning power, Claimant "cannot be unable to earn *any* wages (totally disabled) and at the exact same time be capable of earning *some* wages (partially disabled)." *Hartner v. Workmen's Compensation Appeal Board (Phillips Mine & Mill, Inc.)*, 146 Pa.Commonwealth Ct. 167, 176, 604 A.2d 1204, 1208, *petition for allowance of appeal denied*, 531 Pa. 662, 613 A.2d 1210 (1992). Accordingly, because Employer is under no obligation at the present time to pay Claimant partial disability benefits, Claimant is not entitled at this time to seek a commutation of these benefits, and it is irrelevant whether there was at one time an agreement by the parties to commute benefits. The referee and the Board correctly concluded that Claimant's petition should be denied.

The order of the Board is affirmed.

### ORDER

AND NOW, this 6th day of January, 1995, the order of the Workmen's Compensation Appeal Board at No. A93–1279 is affirmed.

PELLEGRINI, J., dissents.