Donald CRAWFORD, as personal representative of Josephine Crawford, Deceased, Petitioner

v.

WORKERS' COMPENSATION APPEAL BOARD (CENTERVILLE CLINICS, INC.), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 3, 2008.

Decided Oct. 10, 2008.

---

Gary D. Monaghan, Uniontown, for petitioner.

Michelle A. Donahue, Wexford, for respondent.

BEFORE: McGINLEY, Judge, PELLEGRINI, Judge, and COHN JUBELIRER, Judge.

OPINION BY Judge COHN JUBELIRER.

Donald Crawford (Crawford), as personal representative of Josephine Crawford (Claimant), deceased, petitions for review of an order of the Workers' Compensation Appeal Board, which affirmed a Workers' Compensation Judge's (WCJ) decision and order declaring the Compromise and Release Agreement (C & R) entered into by Claimant and Centerville Clinics, Inc. (Employer) null and void. The issue presented in this case is whether Claimant's death rendered the C & R null and void where the requirements of Section 449 of the Workers' Compensation Act[1] (Act), were satisfied prior to Claimant's death, but where the WCJ did not issue a decision approving the C & R until after Claimant's death.

On August 27, 2001 Claimant sustained a low back injury during the course and scope of her employment with Employer.

1. Act of June 2, 1915, P.L. 736, added by the Act of June 24, 1996, P.L. 350, *as amended*, 77 P.S. § 1000.5.

At a hearing before the WCJ on August 24, 2005, Claimant and Employer presented the C & R under which they agreed to a resolution of the workers' compensation claims stemming from Claimant's work injury. At the August 24, 2005 hearing, testimony revealed that Claimant "ha[d] a full knowledge and understanding of all provisions of the [C & R] and ha[d] fully reviewed the same with her lawyer and had all questions answered." (WCJ Findings of Fact (FOF) ¶ 6, August 29, 2005.) On August 28, 2005, Claimant died of Stage IV cervical cancer. By decision and order dated August 29, 2005, the WCJ approved the C & R and authorized the parties to carry into full force and effect all the provisions thereof. Of relevance to this matter, the C & R required Employer to pay Claimant a lump sum in the amount of $45,000.00, less deductions for attorney fees in the amount of $5,000.00 and domestic relations obligations in the amount of $261.13.

Employer appealed the WCJ's decision and order approving the C & R after becoming aware that Claimant had passed away. Employer argued that Claimant's death, having taken place prior to the circulation of the WCJ's decision and order, voided the C & R. Subsequently, the parties entered into a Joint Stipulation requesting that the matter be remanded to the WCJ to develop and consider the after-discovered evidence of Claimant's death and its implications on the C & R. The Board granted the Joint Stipulation on January 6, 2006.

On remand, the WCJ explained that, during the course of the August 24, 2005 hearing, "it was ascertained that [Claimant] was the subject of a Fayette County Support Order. Specifically, [Claimant] testified that she owed arrearages for back support and that she believed she owed a little over $200.00." (WCJ FOF ¶ 3, February 6, 2007 (Remand).) The WCJ also explained that:

4. ... [Claimant] verified that she understood the [C & R].... She confirmed both by signing the agreement and during her testimony that she had fully reviewed the [C & R], and that she felt that she fully understood the agreement.

5. ... [D]uring the hearing of August 24, 2005, [Claimant] seemed quite lucid and well aware of the terms of the agreement. She was quite accurate in her estimate of what her Domestic Relations lien was. In this regard, it is noted that, [Claimant] testified that she believed she owed a little over $200.00 and subsequent documentation obtained from the Fayette County Domestic Relations Division confirmed that [Claimant's] support arrearages totaled $261.13.

Also, it is noted that, although [Claimant] was in a wheelchair at the hearing of August 24, 2005, she did not appear to have any problems answering the questions posed to her and she did not impress the undersigned as being an individual in particularly poor health.

6. After the details regarding [Claimant's] Domestic Relations lien were provided, the undersigned issued a [d]ecision and [o]rder, which was circulated on August 29, 2005. In the [d]ecision and [o]rder, the undersigned specifically found that [Claimant] had a full knowledge and understanding of all of the provisions of the [C & R] and had fully reviewed the same with her lawyer and had all questions answered. In addition, the undersigned approved the [C & R] and authorized the parties to carry into full force and effect all of the provisions thereof.

(WCJ Remand FOF ¶¶ 4–6.) The WCJ further explained that, at the remand hearing held on April 12, 2006, the parties

stipulated and agreed that Claimant died on August 28, 2005, just one day before the WCJ issued her decision and order approving the C & R. Employer argued that the C & R was null and void pursuant to paragraph 18(f) of the Addendum thereof, which states:

18. Further matters agreed upon:

. . . .

(f) Claimant certifies that she is suffering from no known life-threatening or terminal illness(es) unrelated to her work injury *and agrees that this [C & R] is null and void upon her death if not approved by a judge. See Shaffer v. WCAB (Silver & Silver, Inc.)* 183 Pa. Commw. 624, 588 A.2d 1029 (1991).

(C & R Addendum ¶ 18(f) (emphasis added and emphasis in original).) The WCJ agreed with Employer's position, stating that:

I must find that the [C & R] is null and void. This is because [Claimant] died on August 28, 2005 and the [C & R] was not officially approved until the undersigned issued the [d]ecision and [o]rder of August 29, 2005. As such, the [C & R] was not approved until after [Claimant's] death. Thus, pursuant to the very specific language of paragraph 18(f) of the [C & R], the [C & R] must be considered null and void.

I wish to point out that, if the [C & R] had not contained such specific language concerning the effect [Claimant's] death would have upon the [C & R], I might be reaching a different conclusion. Nevertheless, paragraph 18(f) of the [C & R] clearly states that [Claimant] was agreeing *"that this [C & R] is null and void upon her death if not approved by a judge"* and [Claimant] clearly testified and verified that she reviewed and understood the [C & R] in its entirety. Accordingly, the clear and specific language of paragraph 18(f) of the [C & R]

cannot be ignored and the [C & R] must now be considered null and void.

(WCJ Remand FOF ¶ 11 (emphasis added).)

Crawford appealed the Remand decision and order to the Board, which affirmed. The Board noted that the comprehensive set of requirements found in Section 449 of the Act, which must be met before a WCJ may approve a compromise and release agreement, need not be addressed because the second clause of paragraph 18(f) of the C & R clearly nullified the C & R when Claimant died before the WCJ approved the C & R. The Board explained that its interpretation is supported by *Shaffer v. Workmen's Compensation Appeal Board (Silver & Silver, Inc.),* 138 Pa.Cmwlth.624, 588 A.2d 1029 (Pa.Cmwlth.1991), to which the C & R refers, because in *Shaffer* this Court "determined that a [compromise and release] agreement is a nullity, where it was executed by a claimant who dies from a non-work-related illness before it is approved by a WCJ." (Board Op. at 3, December 4, 2007.) The Board also disagreed with Crawford's contention that the two clauses contained within paragraph 18(f) of the C & R were to be read in conjunction with each other. The Board explained that "[t]he clause providing that the [C & R] is null and void if not approved by a WCJ can be read independently, and thus, is not dependent on the preceding clause certifying that Claimant was not suffering from a life threatening or terminal disease." (Board Op. at 3–4.)

Crawford now petitions this Court for review of the Board's order. On appeal, Crawford argues that: (1) the WCJ erred in declaring the C & R null and void because all of the requirements of Section 449 of the Act were satisfied; (2) the WCJ erred by failing to read the two clauses contained within paragraph 18(f) of the C & R in conjunction with each other; and

(3) the Board erred by inserting the word "before" into paragraph 18(f) of the C & R when interpreting that provision.[2]

■ Crawford first argues that the WCJ erred in voiding the C & R because all of the requirements of Section 449 of the Act were satisfied. Crawford contends that all of the requirements set forth in Section 449 of the Act were satisfied in this case in that: the C & R was properly executed by all of the parties and witnessed by two individuals; Claimant was lucid and testified that she understood the terms of the C & R at the August 24, 2005 hearing; and the WCJ circulated a decision and order on August 29, 2005, finding that Claimant demonstrated an understanding of all provisions of the C & R. Relying on *Department of Corrections v. Workers' Compensation Appeal Board (McClellan)*, 794 A.2d 977 (Pa.Cmwlth. 2002), Crawford contends that because all of the requirements of Section 449 of the Act were satisfied, the C & R became valid and binding even though Claimant died one day before the WCJ circulated the August 29, 2005 decision and order approving the C & R. Crawford further contends that the validity of the C & R is not altered in any way by paragraph 18(f) thereof and that any reliance on *Shaffer* is misplaced because that case involved a commutation of benefits, and not a compromise and release agreement.

In opposition, Employer argues that the WCJ did not err in declaring the C & R null and void because paragraph 18(f) of the C & R specifically provided that the C & R would be null and void if Claimant died before the C & R was approved by a judge. Employer contends that the language contained within paragraph 18(f) of the C & R is derived from *Shaffer*, which Employer alleges to hold that unapproved compromise and release agreements do not survive the death of a claimant since entitlement to benefits is extinguished at death, and that *Shaffer* was specifically adopted by the parties in the C & R. Employer further contends that, contrary to Crawford's assertion, *McClellan* does not control the outcome of this case because, unlike the present case, the compromise and release agreement in *McClellan* did not have a specific clause addressing what would happen if the claimant passed away prior to the WCJ issuing a decision and order approving the agreement. Employer contends that this Court should not accept Claimant's argument that satisfaction of the requirements in Section 449 of the Act validated the C & R because, pursuant to Section 418 of the Act[3] and Section 131.111 of the Workers' Compensation Bureau's (Bureau) Rules, 34 Pa.

2. Our standard of review "in a workers' compensation appeal is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence." *Department of Corrections v. Workers' Compensation Appeal Board (McClellan)*, 794 A.2d 977, 979 n. 4 (Pa. Cmwlth.2002).

3. Added by the Act of June 26, 1919, P.L. 642, *as amended*, 77 P.S. § 833. Section 418 provides:

The referee to whom a petition is assigned for hearing, may subpoena witnesses, order the production of books and other writings, and hear evidence, shall make a record of hearings, *and shall make, in writing and as soon as may be after the conclusion of the hearing, such findings of fact, conclusions of law, and award or disallowance of compensation or other order, as the petition and answers and the evidence produced before him and the provisions of this act shall, in his judgment, require.* The findings of fact made by a referee to whom a petition has been assigned or any question of fact has been referred under the provisions of section four hundred and nineteen *shall be final*, unless an appeal is taken as provided in this act.
77 P.S. § 833 (emphasis added).

Code § 131.111,[4] the WCJ needed to give approval in the form of a written decision and order. The C & R was not approved by the WCJ until she circulated the August 29, 2005 decision and order. Employer argues that because this did not occur until after Claimant had already passed away, the C & R was appropriately determined to be null and void pursuant to paragraph 18(f) of the C & R.

After thoroughly reviewing the record and applicable case precedent, we conclude that the WCJ did not err in declaring the C & R null and void. We disagree with Crawford that satisfaction of the requirements of Section 449 of the Act[5] validated the C & R. The C & R in this case specifically contained an Addendum with paragraph 18(f) stating that "Claimant ... agrees that this agreement is null and void upon her death if not approved by a judge. *See Shaffer v. WCAB (Silver & Silver, Inc.) 183 Pa. Commw. 624, 588 A.2d 1029 (1991)."* (C & R Addendum ¶ 18(f) (emphasis in original).) This Court has previously determined that approval by a WCJ must take the form of a written decision. *See, e.g. Strawbridge & Clothier v. Workers' Compensation Appeal Board (McGee),* 777 A.2d 1194, 1196–97 (Pa.Cmwlth.2001) (affirming a WCJ's vacation of a bench order approving a compromise and release agreement because the bench order was not a written decision and, therefore, did not constitute a final order). Here, there is no dispute that the WCJ's August 29, 2005 decision and order approving the C & R was issued after Claimant had passed away. Thus, pursuant to the plain language of paragraph 18(f), the C & R was null and void.

While Crawford relies on *McClellan* to support his argument, we agree with Employer that such reliance is misplaced. In *McClellan,* this Court held that a compromise and release agreement was binding on the employer even though the order approving the compromise and release agreement was not signed by the WCJ

---

4. Section 131.111 of the Bureau's Rules states, in pertinent part:
   (a) Following the close of the evidentiary record and the hearing of oral argument, if any, as provided in § 131.102(a) (relating to oral argument), *the judge will issue a written decision,* which will contain findings of fact, conclusions of law and an appropriate order based upon the entire evidentiary record.
   (b) *The decision of the judge will be a final order,* subject to correction or amendment under § 131.112 (relating to correction or amendment of decision), or appeal.
   34 Pa.Code § 131.111 (emphasis added).

5. Section 449 of the Act governs the compromise and release of workers' compensation claims. Section 449 provides, in relevant part, that:
   (a) Nothing in this act shall impair the right of the parties interested to compromise and release, subject to the provisions herein contained, any and all liability which is claimed to exist under this act on account of injury or death.

   (b) Upon or after filing a petition, the employer or insurer may submit the proposed compromise and release by stipulation signed by both parties to the *workers' compensation judge for approval.* The workers' compensation judge shall consider the petition and the proposed agreement in open hearing and *shall render a decision.* The workers' compensation judge shall not approve any compromise and release agreement unless he first determines that the claimant understands the full legal significance of the agreement. The agreement must be explicit with regard to the payment, if any, of reasonable, necessary and related medical expenses. Hearings on the issue of a compromise and release shall be expedited by the department, and the decision shall be issued within thirty days.
   (c) Every compromise and release by stipulation shall be in writing and duly executed, and the signature of the employe, widow or widower or dependent shall be attested by two witnesses or acknowledged before a notary public.
   77 P.S. § 1000.5 (emphasis added).

until *after* the claimant died. In so holding, this Court stressed the *"unique facts"* of the case by explaining that: the compromise and release agreement was properly executed and filed; the claimant indicated at the hearing that he fully understood the agreement; and the claimant had previously waived his right to appeal the decision of the WCJ in the event the agreement was approved. *McClellan,* 794 A.2d at 980 (emphasis added). The WCJ, satisfied that the claimant understood the agreement and consented thereto, stated that he would approve the compromise and release agreement. "Unbeknownst to the WCJ, [the claimant] had passed away several hours after this hearing. Early the very next morning, as he promised, the WCJ signed and circulated a written decision and order approving the" compromise and release agreement. *Id.* Accordingly, this Court held that because of the "unique facts" and because "the parties here complied with both the procedural and substantive requirements of Section 449 of the Act, we cannot say that [the] WCJ and Board erred as a matter of law in approving the" compromise and release agreement. *Id.*

Although there are many factual similarities between the present case and *McClellan* in that Claimant passed away prior to a written decision approving the C & R, the compromise and release agreement in *McClellan* was different than the C & R in this case. The C & R in this case specifically contained a clause in paragraph 18(f) thereof stating that "Claimant … agrees that this agreement is null and void upon her death if not approved by a judge. *See Shaffer v. WCAB (Silver & Silver, Inc.,)* 138 Pa.Commw. 624, 588 A.2d 1029

(1991)." (C & R Addendum ¶ 18(f) (emphasis in original).) The compromise and release agreement in *McClellan* contained no such provision. Furthermore, the C & R in this case also contained a provision stating that **"THE [C & R] IS NOT VALID AND BINDING UNLESS APPROVED BY A WORKERS' COMPENSATION JUDGE IN A DECISION."** [6] (C & R at 4 (emphasis in original).) Additionally, unlike the WCJ in *McClellan,* the WCJ in the present case did not make any statement at the August 24, 2005 hearing that she would be approving the C & R. In fact, at the end of that hearing, the WCJ specifically stated "at this point, I'm going to have to hold off on issuing my Order until I get the information about the Domestic Relations Order. Once I get that, I can incorporate that into my Decision." (WCJ Hr'g Tr. at 16, August 24, 2005.) Given these differences, we believe that *McClellan* is inapplicable to the present case.

Moreover, while Crawford argues that any reliance on *Shaffer* is misplaced, we disagree. In *Shaffer,* the claimant and the employer entered into a supplemental agreement in which they agreed the claimant's "status changed to partial disability and that he was entitled to compensation of $100 per week for 500 weeks commencing January 24, 1986." *Shaffer,* 588 A.2d at 1030. The supplemental agreement was subject to a referee's "approval of a joint petition for commutation of [the claimant's] right to future benefits for partial disability, which [allowed the claimant] to receive a lump-sum payment of $50,000." Id. After the claimant and the employer filed the joint petition for commutation, but before the referee issued a decision as

---

**6.** This language appears on the bottom of the last page of the LIBC–755 form, which was submitted by the parties as their C & R. The LIBC–755 form was last revised in April of

2004. There is no indication whether the compromise and release agreement submitted in *McClellan* contained a similar provision.

to the same, the claimant "died from a cause unrelated to his work injury." *Id.* The referee subsequently granted the joint petition for commutation and upheld the validity of the supplemental agreement, ordering the employer and its insurance carrier to make a lump sum payment to the claimant's estate. *Id.* However, the Board reversed the referee, and the claimant's widow appealed. *Id.* On appeal, this Court held that the referee erred in granting the petition for commutation because the supplemental agreement was extinguished upon the claimant's death. *Id.* at 1033 (citing *Kujawa v. Latrobe Brewing Co.*, 454 Pa. 165, 312 A.2d 411 (1973) and *DeMontis v. Workmen's Compensation Appeal Board*, 34 Pa.Cmwlth. 225, 372 A.2d 950 (1977)). In so holding, this Court explained that "disability benefits serve as compensation for loss of earning power" and that "the need to compensate a claimant for loss of earning power ceases when that loss terminates by the death of the claimant for reasons unrelated to his injuries." *Id.* at 1032–33, 372 A.2d 950 (citing *Reed v. Workmen's Compensation Appeal Board*, 499 Pa. 177, 452 A.2d 997 (1982)).

Here, the parties specifically made *Shaffer* applicable by citing to it in paragraph 18(f) of the CR. Although *Shaffer* dealt with a commutation and supplemental agreement, as opposed to a compromise and release of claims, it is instructive: *Shaffer* also involved a situation where a claimant died of causes unrelated to his work injury prior to the approval of an agreement affecting the future payment of disability benefits and explains how the principle that awards for disability benefits

do not survive the death of a claimant applies in such a situation.[7] Because Claimant agreed that *Shaffer* would guide and govern the interpretation of paragraph 18(f), Crawford cannot now argue that relying on *Shaffer* is erroneous.[8] As such, we conclude that the WCJ did not err in declaring that the CR was null and void.

■ Next, Crawford argues that the WCJ erred by ignoring that there are two requirements in paragraph 18(f): first, that Claimant is not aware of a known life-threatening illness; *and* second, that death occurs prior to WCJ approval. In other words, Crawford contends that, under paragraph 18(f) of the C & R, both requirements must be met so that Claimant's death is caused by a known life-threatening condition *and* occurs prior to approval of the C & R. Crawford argues that the word "and" is conjunctive, and because there is no evidence to support that Claimant knew at the time of the August 24, 2005 hearing that she had a life-threatening or terminal illness, the requirements of paragraph 18(f) were not met. Thus, Crawford contends that the WCJ's decision and order on remand voiding the C & R should have been reversed by the Board.

In opposition, Employer contends that the Board was correct in holding that the clauses of paragraph 18(f) could be read independently and that the clause, providing that the C & R is null and void if not approved by a WCJ, is independent from the preceding clause, certifying that Claimant did not suffer from a known terminal illness. Accordingly, Employer ar-

7. While Employer and the Board mischaracterize the agreement involved in *Shaffer* as a compromise and release agreement, such mischaracterization does not alter the outcome of this case.

8. Since Claimant and Employer specifically made *Shaffer* applicable by citing to it in the C & R, we need not address, at this time, whether the principles set forth in *Shaffer* would apply in a situation where that case has not been specifically referenced in a compromise and release agreement.

gues that the language of paragraph 18(f) is clear and should not be materially altered by the Court.

■ We agree with the Board and Employer that the two clauses in paragraph 18(f) can be read independently and that the second clause is not dependent on the preceding clause certifying that Claimant was not suffering from a life-threatening or terminal illness.[9] In applying common principles of contract interpretation, we note that "[t]he fundamental rule in construing a contract is to ascertain and give effect to the intention of the parties." *Amerikohl Mining, Inc. v. Mount Pleasant Township*, 727 A.2d 1179, 1182 (Pa. Cmwlth.1999). Generally, the intent of the parties to a written contract is contained within the contract itself, and when the words are "clear and unambiguous, the intent is to be found only in the express language of the agreement." *Id.* (quoting *Krizovensky v. Krizovensky*, 425 Pa.Super. 204, 624 A.2d 638, 642 (1993)).

Here, Claimant clearly agreed to the provisions of the C & R, which included paragraph 18(f). Paragraph 18(f) is made up of two clauses, which are separate ideas. In the first clause, Claimant "certifies" that she was not suffering from any known life-threatening or terminal illnesses unrelated to her work injury, and in the second clause, Claimant "agrees" that the C & R is null and void upon her death if not approved by a judge. (C & R Agreement Addendum ¶ 18(f).) Contrary to Crawford's assertions, the WCJ did not have to make any factual findings as to whether or not Claimant was suffering from any known life-threatening or termi-

nal illnesses because Claimant certified that she was not. Accordingly, the Board was correct that the two clauses in paragraph 18(f) were not to be read together and that the requirements of paragraph 18(f) were satisfied in order to declare the C & R null and void.

Finally, Crawford argues that the Board erred in supplying terms to the C & R when it concluded that "the second clause of paragraph 18 [nullified] the [C & R] in the event Claimant died *before* it was approved by the WCJ." (Board Op. at 3 (emphasis added).) Crawford contends that nowhere in the C & R does it state that the C & R would be null and void if Claimant died of a known terminal illness "before" it was approved by a WCJ. *See McGinley Maintenance, Inc. v. Department of Public Welfare*, 116 Pa.Cmwlth. 587, 542 A.2d 618 (1988) (holding that "[i]t is not the function of the ... courts to rewrite a contract or give a contract a construction in conflict with [its] plain meaning").

We agree with Employer that the Board did not insert the word "before" into the language of paragraph 18(f) but, rather, used the term "before" to explain in its Opinion the plain meaning of the clause with different vocabulary. Paragraph 18(f) clearly and unambiguously states that "Claimant ... agrees that this [C & R] is null and void upon her death if not approved by a judge." (C & R Addendum ¶ 18(f).) As succinctly explained by the WCJ:

[Claimant] died on August 28, 2005 and the [C & R] was not officially approved until the undersigned issued the Deci-

---

9. The Board noted in its opinion that:

Claimant's brief admits that she had previously been diagnosed with cancer, and had undergone treatment for this disease, but was not scheduled for further treatment until December 2005. The WCJ made no findings as

to whether Claimant violated the clause of paragraph 18 that she suffered from no life-threatening or terminal disease. Therefore, this issue is not before us.
(Board Op. at 3 n. 3.)

sion and Order of August 29, 2005. As such, the [C & R] was not approved until after the [C]laimant's death. Thus, pursuant to the very specific language of paragraph 18(f) of the [C & R], the [C & R] must be considered null and void. (WCJ Remand FOF ¶ 11.) As such, we conclude that the Board did not err in its interpretation of the C & R.

Accordingly, we affirm the Board's order.

## ORDER

**NOW**, October 10, 2008, the order of the Workers' Compensation Appeal Board in the above-captioned matter is hereby affirmed.